# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | | |
|---|---|---|
| **CROSBY MARINE TRANSPORTATION,** | * | **CIVIL NO. 13-2399** |
| **LLC., ET AL** | | |
| **VERSUS** | * | **MAGISTRATE JUDGE HILL** |
| **TRITON DIVING SERVICES, LLC, ET AL** | * | **BY CONSENT OF THE PARTIES** |

## RULING ON MOTION TO INCREASE SECURITY

Pending before the Court is the Motion to Increase Security filed by claimant, Mark Rottinghaus ("Rottinghaus"), on August 13, 2014.  [rec. doc. 30].  Petitioners, Crosby Tugs, L.L.C. and Crosby Marine Transportation, L.L.C. (collectively, "Crosby"), filed opposition on September 4, 2014.  [rec. doc. 34].  Rottinghaus filed a reply on September 24, 2014.  [rec. doc. 37].  Oral argument was held in open Court on September 25, 2014, after which I took the motion under advisement.

For the following reasons, the motion is **GRANTED**.

## Background

On August 1, 2013, Crosby Marine Transportation, L.L.C., as owner of the M/V CROSBY MARINER, and Crosby Tugs, L.L.C., as owner *pro hac vice* of the M/V CROSBY MARINER, filed a Verified Complaint for Exoneration from or Limitation of

Liability, pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, and 46 U.S.C. §§ 183, *et seq*.

The limitation proceeding arose out of an incident on May 21, 2013, in which the M/V CROSBY MARINER and another Crosby tug, the M/V CROSBY EXPRESS, were transporting a barge in Bayou Chene near Amelia, Louisiana.  [rec. doc. 30, Exhibit B, Deposition of Jeremy Naccio, p. 10].  The CROSBY EXPRESS was the lead tug that was towing the barge, while the CROSBY MARINER was attached on the port side of the barge to stabilize it during the towing.  [*Id*.].  Both tugs had a captain on board; however, all passing arrangements and decisions about the speed of the tow and navigation came from the CROSBY EXPRESS's Captain, Jeremy Naccio, as it was the lead tug.  [Exhibit B, pp. 20-21; Exhibit C, Deposition of Israel Delatte, pp. 10, 23].

On the date of the incident, Rottinghaus, who was an employee of Crosby Tugs, L.L.C., was a crewmember assigned to the M/V CROSBY MARINER.  [rec. doc. 30, Exhibit A, Deposition of Mark Rottinghaus, p. 30].  In the early morning hours, the M/V TRITON ACHIEVER, a vessel owned and operated by Triton Diving Services, LLC ("Triton"), collided with the M/V CROSBY MARINER.  [Exhibit B, p. 21; Exhibit C, p. 21].  Rottinghaus alleges that he sustained injuries to his head, neck and back as a result of the collision.  [Exhibit A, pp. 37-40].

On June 14, 2013, Rottinghaus filed a Jones Act and general maritime lawsuit against Crosby and Triton in the 16th Judicial District Court for the Parish of St. Mary,

State of Louisiana.  Triton filed a cross-claim against Crosby in the state court action, alleging that Crosby was at fault for the collision.  On August 1, 2013, Crosby filed a limitation action in this Court pursuant to the Limitation of Liability Act.

According to the Affidavit of Valuation of M/V CROSBY MARINER prepared by Farrel Trosclair, Chief Financial Officer of Crosby Marine Transportation, L.L.C., the value of the vessel immediately following the incident was $872,000.00.  [rec. doc. 1, Affidavit of Valuation of M/V CROSBY MARINER].  The freight pending at the time of the allision was $187,063.30.  [rec. doc. 1, Affidavit of Charter Hire and/or Pending Freight].

Simultaneously with the filing of the petition, Crosby filed an *Ad Interim* Stipulation [rec. doc. 2] and posted security in the amount of its interest in the M/V MARINER and pending freight together with interest at the rate of 6% per annum from the date of the stipulation and for costs [rec. doc. 3].  On August 9, 2013, Judge Doherty signed an Order approving the filed stipulation.  [rec. doc. 6].

On August 13, 2014, Rottinghaus filed the instant Motion to Increase Security pursuant to Fed.R.Civ.P.Supp.Adm.R.F(7).  [rec. doc. 30].[1]

### Analysis

Rottinghaus asserts that the amount of security provided by Crosby is inadequate because it reflects Crosby's interest in only one of two vessels that formed a "flotilla"

---

[1] Judge Doherty referred the case to the undersigned to exercise the Court's jurisdiction after all parties consented. [Rec. Doc 25].

under Crosby's common ownership, since the vessels were engaged in a common enterprise under a single command when the collision occurred.  He further contends that the security provided was insufficient to satisfy the claims made by Rottinghaus and Triton in this action.

Supplemental Rule of Admiralty, Rule F(7), provides as follows:

**(7) Insufficiency of Fund or Security**. Any claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight. Thereupon the court shall cause due appraisement to be made of the value of the plaintiff's interest in the vessel and pending freight; and if the court finds that the deposit or security is either insufficient or excessive it shall order its increase or reduction. In like manner any claimant may demand that the deposit or security be increased on the ground that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury; and, after notice and hearing, the court may similarly order that the deposit or security be increased or reduced.

Rule F(7) states that a claimant may challenge the alleged insufficiency of the security by a motion demanding that the security be increased.  *D&L Marine Transp., Inc. v. Suard Barge Serv., Inc*., 2002 WL 126644, *1 (E.D. La. Jan. 25, 2002); *Luhr Bros. Inc. v. Gagnard*, 765 F. Supp. 1264, 1269 (W.D. La. 1991).  After receiving this motion, the Court shall cause due appraisement of the value of the vessel.  *Id*.  If the court determines that the security is insufficient or excessive, the Court shall order the amount of the security increased or reduced.  *Id*.

The purpose of this Rule is to ensure that the plaintiff-in-limitation is not permitted to submit an inadequate bond with impunity and that the claimant may not contend that the bond should be higher than the actual value of the vessel. *Id*. (*citing Luhr Bros.* at 1269). Inherent in this Rule is a requirement that the claimant make at least a minimum showing as to why the valuation of the vessel is inadequate. *Id*. (*citing Cal Dive Intern., Inc. v. Johnson*, 2001 WL 823728, *2 (E.D.La., 2001)). A motion to increase security that contains nothing more than a mere allegation that the valuation of the vessel is incorrect will be denied. *Id*. (*citing In the Matter of D.N.H. Towing Co., Inc*., 1998 WL 51835, *5 (E.D. La. 1998)).

Here, Rottinghaus asserts that the "flotilla doctrine" should apply in this case and that Crosby must therefore tender the value of the M/V CROSBY MARINER and the M/V CROSBY EXPRESS. The Fifth Circuit applies the "flotilla doctrine" where vessels are owned by the same person, engaged in a common enterprise, and under a single command. *Complaint of Tom-Mac, Inc*., 76 F.3d 678, 684 (5th Cir. 1996) (*citing Cenac Towing Co., Inc. v. Terra Resources, Inc*., 734 F.2d 251, 254 (5th Cir.1984)). The flotilla doctrine requires, for limitation of liability purposes, the owner's tender of all of the vessels in the flotilla, or the value thereof, pending resolution of the underlying claims. *Id*.; *Brown & Root Marine Operators, Inc. v. Zapata Off-Shore Co.*, 377 F.2d 724, 727 (5th Cir.1967); *In re Drill Barge No. 2*, 454 F.2d 408 (5th Cir.), *cert. denied*, 406 U.S. 906, 92 S.Ct. 1610, 31 L.Ed.2d 816 (1972).

Here, the CROSBY MARINER and the Crosby EXPRESS were both owned by the same owner, Crosby.  Additionally, both were engaged in a common enterprise, that is, towing the same barge.  [Exhibit B, pp. 10, 86; Exhibit C, p. 26].  Further, both vessels were under Captain Naccio's command.  [Exhibit B, pp. 20-21; Exhibit C, pp. 10, 23 ].  Accordingly, the Court finds that the flotilla doctrine applies in this case.

When a challenge is made by any claimant to the adequacy of the limitation fund or stipulation, the Court must determine whether the stipulation for value is identical to the amount representing the limitation fund.  *Luhr*, 765 F.Supp. at 1269.  As suggested in *Luhr*, the better procedure is to appoint an appraiser who makes an independent valuation of the vessel and her freight.  *Id*. at n. 5 (*citing Complaint of Tropigas Carriers, Inc*., 603 F.Supp. 940, 942 (S.D. Fla.1985)).  This Court agrees.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** the Motion to Increase Security [rec. doc. 30] is **GRANTED**.

**IT IS FURTHER ORDERED** that due appraisal of the M/V CROSBY MARINER and the M/V CROSBY EXPRESS be made by a Court-appointed appraiser. The parties are directed, **within ten (10) days** from the date of this Order, to submit to the Court the name or names of agreed-upon appraisers to make this appraisal, or, in lieu

thereof, to stipulate and agree to the valuation of both vessels and the freight involved.

Signed at Lafayette, Louisiana, October 8, 2014.


_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

7